IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | DATE FILED: |
| NORMAN D. WISE<br>DOUGLAS E. DANIEL<br>LEONARD F. COLEMAN | : | VIOLATIONS:<br>18 U.S.C. § 666(a)(1)(B) (bribery concerning federal programs -- soliciting - 1 count) |
| | : | 18 U.S.C. § 666(a)(2) (bribery concerning federal programs – offering - 1 count) |
| | : | 18 U.S.C. § 666(a)(1)(A) (theft from organization receiving federal funds - 1 count) |
| | : | 18 U.S.C. § 1343 (wire fraud – 1 count) |
| | : | 18 U.S.C. § 2 (aiding and abetting)<br>Notice of forfeiture |

# I N F O R M A T I O N

## COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

### BACKGROUND

At all times material to this information:

1.  The Chester County Housing Authority ("CHA") was a public housing authority located in Chester, in the Eastern District of Pennsylvania. The mission of the CHA was to provide safe, decent, and sanitary housing to low-income residents of Chester. The CHA operated approximately 12 public housing facilities with a total of approximately 800 housing units located in various parts of Chester.

2. The CHA was an organization, and an agency of a state government, which received annual benefits in excess of $10,000 under federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of federal assistance.

3. Defendant NORMAN D. WISE, charged elsewhere in this information, worked for the CHA for approximately 35 years and was the Director of Public Housing. In that position, defendant WISE was responsible for the oversight, operation, and management of the CHA's public housing developments. Defendant WISE supervised numerous other managers and employees of the CHA.

4. Defendant DOUGLAS E. DANIEL worked for the CHA for approximately 25 years and was the Housing Program Manager. In this position, defendant DANIEL was responsible for assisting defendant NORMAN D. WISE in all aspects of managing the CHA housing development locations and was defendant WISE's second in command.

5. Defendant LEONARD F. COLEMAN, charged elsewhere in this information, owned and operated Coleman's Contracting, which he founded in 2008. Since in or about 2013, Coleman's Contracting has renovated housing units and performed other contracting work for the CHA, generating more than $2.5 million in revenue from the CHA through in or about November 2022. The work that defendant COLEMAN performed for the CHA through Coleman's Contracting included major projects for which there was a formal bidding process as well as routine projects. The routine projects were smaller projects that defendants NORMAN D. WISE and DOUGLAS E. DANIEL could and assign to contractors, including defendant COLEMAN, without a formal bidding process.

6. The Code of Federal Regulations, specifically, 24 CFR § 982.161, prohibited CHA employees from owning or having a financial interest in a business receiving CHA funds. In addition, CHA's Annual Contributions Contract, known as "HUD-53012," involving the United States Department of Housing and Urban Development ("HUD"), also prohibited CHA employees from owning or having a financial interest in any business receiving CHA funds. Defendants NORMAN D. WISE and DOUGLAS E. DANIEL each certified to HUD every year, as required, that they were complying with the terms of 24 CFR § 982.161 and HUD-53012.

## THE BRIBERY SCHEMES

7. In or about July 2014, defendant LEONARD F. COLEMAN began making cash payments, separately to defendant NORMAN D. WISE and defendant DOUGLAS E. DANIEL, for their personal benefit. Defendant COLEMAN made these payments to influence and reward defendants WISE and DANIEL in connection with the CHA projects that defendants WISE and DANIEL assigned to defendant COLEMAN outside of any formal CHA bidding process and approved for payment by CHA.

8. During the time that defendant LEONARD F. COLEMAN was making payments separately to defendants NORMAN D. WISE and DOUGLAS E. DANIEL, defendant COLEMAN was regularly performing work for the CHA for which defendants WISE and DANIEL selected defendant COLEMAN. The work included painting, construction, and renovations on CHA units. Defendants WISE and DANIEL approved defendant COLEMAN's invoices for this work and ensured that the CHA paid defendant COLEMAN for these invoices.

9. Defendant LEONARD F. COLEMAN made these payments to defendants NORMAN D. WISE and DOUGLAS E. DANIEL by withdrawing funds from his business checking account and depositing those funds in the individual personal bank accounts of defendants WISE and DANIEL.

10. Defendants NORMAN D. WISE and DOUGLAS E. DANIEL funded the payments they each received from defendant LEONARD F. COLEMAN by inflating the amount charged on invoices that defendant COLEMAN submitted to the CHA for work defendant COLEMAN performed for the CHA. Defendants WISE and DANIEL then ensured that the CHA paid defendant COLEMAN for the inflated invoices, and in turn, defendant COLEMAN paid defendants WISE and DANIEL the amount by which the invoices were inflated. Defendant COLEMAN paid either defendant WISE or defendant DANIEL on each such invoice, depending on whether he was dealing with defendant WISE or defendant DANIEL on the project generating the inflated invoice.

11. In or about late April 2017, defendant NORMAN D. WISE ceased engaging in this bribery and kickback activity with defendant LEONARD F. COLEMAN. After this time, defendant COLEMAN engaged in this activity only with defendant DOUGLAS E. DANIEL. Defendant COLEMAN thus continued to submit invoices to defendant DANIEL who then inflated the charges and ensured that the invoices were approved and paid by the CHA. Defendant COLEMAN then continued to make payments to defendant DANIEL based on the inflated amounts of the invoices.

12. From on or about July 1, 2014, through on or about March 8, 2022, defendant LEONARD F. COLEMAN made approximately $34,000 in payments to defendant

4

DOUGLAS E. DANIEL through deposits into defendant DANIEL's personal bank account, with most deposits ranging from approximately $1,000 to $4,500.

13. From on or about January 29, 2016, through on or about April 20, 2017, defendant LEONARD F. COLEMAN made approximately $42,400 in payments to defendant NORMAN D. WISE through deposits into defendant WISE's personal bank account, with most deposits ranging from approximately $2,000 to $7,000.

14. From in or about July 2014 through in or about March 2022, in the Eastern District of Pennsylvania and elsewhere, defendant

**DOUGLAS E. DANIEL,**

as an agent of the CHA, which received annual benefits from 2014 through 2022 in excess of $10,000 from federal programs involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, corruptly solicited, demanded, accepted, and agreed to accept things of value, intending to be influenced and rewarded in connection with the business, transaction, and series of transactions of the CHA, involving something of value of $5,000 or more, namely, defendant DANIEL solicited payments intending to be influenced and rewarded in connection with contracting projects for the CHA assigned to defendant LEONARD F. COLEMAN, charged elsewhere in this information, of Coleman's Contracting.

In violation of Title 18, United States Code, Section 666(a)(1)(B), (b).

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 through 13 of Count One of this information are incorporated here.

      2.      From in or about July 2014 through in or about November 2021, in the Eastern District of Pennsylvania and elsewhere, defendant

### LEONARD F. COLEMAN

corruptly gave, offered to give, and agreed to give, things of value, that is, payments to defendants NORMAN D. WISE and DOUGLAS E. DANIEL, each charged elsewhere in this information, as agents of the CHA, which received annual benefits from 2014 through 2022 in excess of $10,000 under federal programs involving a grant, contract, subsidy, loan, guarantee, insurance, and other forms of federal assistance, with intent to influence and reward defendants WISE and DANIEL in connection with the business, transaction, and series of transactions of the CHA involving things of value of $5,000 or more.

      In violation of Title 18, United States Code, Section 666(a)(2), (b).

## COUNT THREE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 6 of Count One of this information are incorporated here.

### THE TMG FRAUD SCHEME

2. In or about 2004, defendants NORMAN D. WISE and DOUGLAS E. DANIEL created a company called Trinity Management Group ("TMG"), that they later used for a fraudulent billing scheme against the CHA. When establishing TMG, defendant WISE used his home address in Philadelphia, Pennsylvania for TMG's corporate address.

3. From in or about 2004 through in or about 2019, TMG remained dormant as defendants NORMAN D. WISE and DOUGLAS E. DANIEL did not use TMG for any business activities.

4. In or about January 2019, defendants NORMAN D. WISE and DOUGLAS E. DANIEL leased a mailbox for TMG through Global Express with the following address: 2803 Philadelphia Pike, Box 173, Claymont, Delaware 19703. Around this time, defendants WISE and DANIEL also obtained a corporate telephone number for TMG, purchased general liability insurance for TMG, and purchased workers' compensation insurance for TMG.

5. In or about early 2019, defendants NORMAN D. WISE and DOUGLAS E. DANIEL opened four bank accounts for TMG -- two with Wells Fargo Bank (accounts ending in #9896 and #9904) and two with Santander Bank (accounts ending in #8247 and #8471). Defendants WISE and DANIEL were joint holders on all four accounts.

6. Beginning in or about March 2019, defendants NORMAN D. WISE and DOUGLAS E. DANIEL began submitting invoices to the CHA for alleged work performed for the CHA. While TMG performed some actual work for the CHA, most of the invoices that defendants WISE and DANIEL submitted to the CHA were false and fraudulent. Defendants WISE and DANIEL submitted numerous invoices for: (1) work that was performed by salaried CHA employees during their regular work hours; (2) work that was performed by other contractors who were paid for that work; and (3) work that was not performed at all. In particular, the false and fraudulent invoices included billing for landscaping, painting, window replacements, and other construction and renovation work at CHA facilities.

7. From in or about March 2019 through in or about January 2023, for alleged work performed by TMG on behalf of the CHA, defendants NORMAN D. WISE and DOUGLAS E. DANIEL caused the CHA to make approximately 40 payments to TMG, totaling approximately $673,345.

8. Defendants NORMAN D. WISE and DOUGLAS E. DANIEL deposited and caused to be deposited the approximately $673,345 in funds they obtained from the CHA into the four TMG bank accounts at Wells Fargo and Santander Banks as identified above in paragraph 5. Defendants WISE and DANIEL used those funds mostly for personal purchases and savings, and only a small percentage of those funds for payroll services or other CHA contracting expenses.

9. As a result of submitting these false and fraudulent invoices to the CHA through TMG, defendants NORMAN D. WISE and DOUGLAS E. DANIEL caused losses to the CHA of at least approximately $544,967.

10. From in or about January 2019 through in or about January 2023, in the Eastern District of Pennsylvania and elsewhere, defendants

**NORMAN D. WISE and
DOUGLAS E. DANIEL,**

agents of the CHA, an organization, and an agency of a state government, which received annual benefits from 2014 through 2022 in excess of $10,000 under federal programs involving a grant, contract, subsidy, loan, guarantee, insurance, and other forms of federal assistance, knowingly embezzled, stole, obtained by fraud, and otherwise without authority, knowingly converted to the use of any person other than the rightful owner, and intentionally misapplied, and aided and abetted the embezzlement, stealing, obtaining by fraud, conversion, and misapplication of property that was valued at more than $5,000 and was owned by, and under the care, custody, and control of the CHA.

In violation of Title 18, United States Code, Sections 666(a)(1)(A), (b) and 2.

## COUNT FOUR

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

    1.    Paragraphs 1 through 6 of Count One, and paragraphs 2 through 9 of Count Three of this information are incorporated here.

    2.    From in or about January 2019 through in or about January 2023, in the Eastern District of Pennsylvania and elsewhere, defendants

**NORMAN D. WISE and
DOUGLAS E. DANIEL**

devised and intended to devise a scheme to defraud and to obtain money and property of the CHA by means of false and fraudulent pretenses, representations, and promises.

    3.    On or about February 4, 2022, in the Eastern District of Pennsylvania and elsewhere, defendants

**NORMAN D. WISE and
DOUGLAS E. DANIEL,**

for the purpose of executing the scheme described above, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce signals and sounds traveling from Chester, Pennsylvania, to Wilson, North Carolina; that is, defendants WISE and DANIEL caused the CHA from its computers in Chester, Pennsylvania, to send an electronic request to Truist Bank in Wilson, North Carolina, to issue an automated clearing house ("ACH") transfer of $20,700 from the CHA account at Truist Bank (account ending in #4726) to the TMG account at Santander Bank (account ending in #8247) to pay TMG for invoices that defendants WISE and DANIEL submitted to the CHA for installing replacement windows in CHA housing units when, in fact, as defendants WISE and DANIEL

10

well knew, those windows were not installed or provided to the CHA.

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 666 and 1343, set forth in this information, defendants

**NORMAN D. WISE,
DOUGLAS E. DANIEL, and
LEONARD F. COLEMAN**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violations, including, but not limited to:

   a. $60,911.17 in funds seized from Santander Bank account ending in 8471,

   b. $148,302.48 in funds seized from Santander Bank account ending in 8247,

   c. $14,789.39 in funds seized from Wells Fargo Bank account ending in 9904,

   d. $8,101.45 in funds seized from Wells Fargo Bank account ending in 9896, and

   e. $25,368.10 in funds seized from Wells Fargo Bank account ending in 4579.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

        d.        has been substantially diminished in value; or

        e.        has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

_[signature]_

**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

*No.*\_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA
vs.

**NORMAN D. WISE**
**DOUGLAS E. DANIEL**
**LEONARD F. COLEMAN**

**INFORMATION**
Count(s)
**18 U.S.C. § 666(a)(1)(B) (bribery concerning federal programs -- soliciting - 1 count)**
**18 U.S.C. § 666(a)(2) (bribery concerning federal programs – offering - 1 count)**
**18 U.S.C. § 666(a)(1)(A) (theft from organization receiving federal funds - 1 count)**
**18 U.S.C. § 1343 (wire fraud – 1 count)**
**18 U.S.C. § 2 (aiding and abetting)**
**Notice of forfeiture**

A true bill.

_____
Foreman

Filed in open court this _____day,
Of _____A.D. 20_____
_____
Clerk

Bail, $_____